24-2142-cr
United States v. Dalmy

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-six.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
SARAH A. L. MERRIAM,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    No. 24-2142-cr

DIANE DALMY,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: Diane Dalmy, *pro se*, Denver, CO

FOR APPELLEE: Christine Sciarrino, Conor M. Reardon, Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT

Appeal from an order of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is VACATED, and the case is REMANDED for further proceedings consistent with this order.

Defendant Diane Dalmy, representing herself, appeals from the July 31, 2024 order of the United States District Court for the District of Connecticut (Meyer, *J.*) granting the Government's post-judgment motion for turnover of a total of $20,500 of recently liquidated funds to satisfy her outstanding restitution obligation following her conviction on a charge of wire fraud conspiracy. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to vacate and remand.

2

The parties agree that vacatur is warranted because Dalmy's withdrawal of $20,500 from her Individual Retirement Account ("IRA"), which liquidated the account, did not constitute a "material change" in her economic circumstances meriting turnover under 18 U.S.C. § 3664(k). Although the parties' agreement does not control our disposition and we review "what constitutes a 'material change in the defendant's economic circumstances' under section 3664(k)" *de novo*, we agree that vacatur is warranted. *United States v. Grant*, 235 F.3d 95, 99 (2d Cir. 2000).

A "material change" under § 3664(k) is "identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *Id.* at 100. Because the funds in Dalmy's IRA were available for withdrawal before sentencing even if she chose not to withdraw them then, her later liquidation of that account did not materially alter her economic circumstances. *See id.* at 100–01. The District Court therefore erred in granting the Government's motion for turnover on that basis.

The parties disagree, however, about whether we should remand the case for further proceedings. If we do, then Dalmy maintains that the only issue for the District Court to address on remand is whether turnover was required under

3

§ 3664(k).  We need not dictate the full scope of the District Court's review on remand.  The Government sought turnover under several provisions other than § 3664(k), including § 3664(n) and 28 U.S.C. § 1651(a); the District Court did not address these alternative theories.  Section 3664(n) requires a defendant who "receives substantial resources from any source . . . during a period of incarceration" to "apply the value of such resources to any restitution or fine still owed," but whether Dalmy received or withdrew funds "during a period of incarceration" was not resolved by the District Court and could be addressed on remand.  18 U.S.C § 3664(n).  Nor did the District Court address the possibility of a turnover order under § 1651, which "enables federal courts to issue all writs necessary or appropriate . . . agreeable to the usages and principles of law." *United States v. Catoggio*, 698 F.3d 64, 67 (2d Cir. 2012) (quotation marks omitted).  On remand, the District Court may consider the Government's alternative arguments as it sees fit.  *See* 28 U.S.C. § 2106; *Macey v. Carolina Cas. Ins. Co.*, 674 F.3d 125, 131 (2d Cir. 2012).

**CONCLUSION**

We have considered Dalmy's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is VACATED, and the case is REMANDED for further proceedings consistent with this order.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

5